DAMON K. DIAS, ESQ.  
Nevada Bar No. 8999  
E-mail: damon@diaslawgroup.com  
DIAS LAW GROUP, LTD.  
725 S. 8th Street, Suite 100  
Las Vegas, Nevada 89101  
Telephone: (702)380-3011  
Facsimile: (702)366-1592  
Proposed Attorney for Debtor-in-Possession  

E-Filed: November 8, 2022

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | BK-S 22-13516-mkn |
| FLOORIT FINANCIAL, INC. | CHAPTER 11 |
| Debtor. | DATE: December 14, 2022<br>TIME: 9:30a.m. |

**<u>DEBTOR'S MOTION TO VOLUNTARILY DISMISS CHAPTER 11 BANKRUPTCY</u>**

COMES NOW FLOORIT FINANCIAL, INC. (the "Debtor"), by and through counsel, the Dias Law Group, Ltd., and hereby moves this Court for an Order dismissing Chapter 11 bankruptcy case. This Motion is supported by the accompanying Memorandum of Points and Authorities, the Affidavit of Preston D. Smart attached at Exhibit A, all pleadings and papers of record, and any oral argument the Court may entertain.

DATED this 8th day of November, 2022.

DIAS LAW GROUP, LTD.


/s/ Damon K. Dias  
DAMON K. DIAS, ESQ.  
725 S. 8th Street, Suite 100  
Las Vegas, NV 89101  
Proposed Attorney for Debtor-in-Possession

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

*Events prior to and leading up to the bankruptcy filing.*

1. The Debtor is a Nevada Corporation. The Debtor filed for chapter 11 bankruptcy protection on or about September 30, 2022. At the time the Debtor filed for bankruptcy relief, it was a party to at least 2 active and one post judgment lawsuits.

2. The Debtor is an entity which is in the business of purchasing and selling retail installment sales contracts in the auto finance industry.

3. Prior to filing the instant petition, the Debtor was gearing up for a trial in California state court. Despite very strong odds the Debtor would prevail in that suit, Debtor had not allocated sufficient resources to embark on the trial at the time the instant petition was filed in bankruptcy court.

4. Since the petition was filed, two things have transpired which have changed Debtor's circumstances. First, a long time deal to sell a portion of Debtor's assets has come to fruition and a third party has made an offer to purchase a portion of Debtors assets. Second, Debtor is poised to foreclose on a judgment and collect on assets from one of the 3 lawsuits it was a party to prior to the petition being filed. Both of these matters are time sensitive and working through the bankruptcy Court approval process could pose challenges, delay among them.

5. Principals of the Debtor believe that, with the assets brought in by the actions described above, they would be in a position to proceed to collect it's receivables and proceed with the remaining lawsuits and collect on the respective, expected judgments.

6. Therefore, Debtors principals believe that continuing operations outside of bankruptcy better suits Debtors needs at this time.

7. No creditors have filed adverse motions nor Motions for relief in this matter to date.

### II. RELIEF REQUESTED

The Debtor respectfully requests that the Court enter an Order dismissing this bankruptcy matter for cause, without prejudice, pursuant to 11 U.S.C. §1112(b).

### III. LEGAL DISCUSSION

11 U.S.C. §1112(b) provides in relevant part that

> (E)xcept as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the Court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

*Party in Interest and standing to bring instant motion*

The Debtor is a party in interest pursuant to 11 U.S.C. §1109(b), and, therefore, has standing to bring this Motion before the Court pursuant to 11 U.S.C. §1112(b)(1).

*Dismissal*

The bankruptcy court has broad discretion to convert or dismiss a chapter 11 case for "cause." See, In re Consolidated Pioneer Mortgage Entities, 248 B.R. 368, 375 (B.A.P. 9th Circuit 2000). Section 1112(b) of the bankruptcy code sets forth the grounds for conversion or dismissal of a chapter 11 case, and it permits dismissal on the request of a party in interest upon notice and a hearing if: (1) cause is established, and (2) if dismissal is in the best interests of the creditors.

The movant has the burden of establishing cause by a preponderance of the evidence. Once cause is established, the court is required to look at whether dismissal is in the best interests of the creditors. See, In re Finney, 992 F.2d 43, 45 (4th Cir. 1993). Best interests of the creditors and estate is determined by implementing a balancing test on an ad hoc basis. See, In re Staff Inv. Co., 146 B.R. 256, 260 (Bankr. C.D. Cal. 1992).

*Cause*

In the instant case, the Debtor risks diminution of the estate if it is not able to sell a portion of non-operational assets and collect/foreclose on judgments it already has. The Debtor cold apply to the Court for permission to do those things, but the work has been completed pre-petition. Paying attorneys fees a second time seeking permission now is wasteful. Waiting for hearings before proceedings takes time and costs money. Allowing dismissal now allows Debtor to streamline sales and collection efforts. In addition, quarterly and other administrative fees add up, further

3

diminishing the estate.  The Debtor's principals believe the Debtor will be in a better position to pursue and negotiate receivables outside of bankruptcy, and the capital it may gain from the 2 scenarios outlined above would allow the Debtor to do just that.

*Best Interests*

The creditors benefit from dismissal of this case.  Upon dismissal, the Debtor will streamline its collections process and litigate the state court matters to their end, bringing much needed capital which will allow Debtor to resume pre-pandemic operations.  The volume of retail vehicle sales has increased in the past year and Debtor is poised for a resurgence in the near future.

### IV.  CONCLUSION

Wherefore, cause exists to grant the requested relief and allow the voluntary dismissal of the instant case.  Under the circumstances, the best interests of the estate and creditors will be met should the requested relief be granted.

DATED this 8th day of November, 2022.

DIAS LAW GROUP, LTD.

/s/ Damon K. Dias

---

DAMON K. DIAS, ESQ.
725 S. 8th Street, Suite 100
Las Vegas, NV 89101
Proposed Attorney for Debtor-in-Possession

\\KING\Client Matters\BK Clients\Floorit Financial Inc\Motion to Dismiss chapter 11\motion_to_dismiss.wpd

# EXHIBIT A

## AFFIDAVIT OF PRESTON D. SMART

STATE OF NEVADA        )
                       ) ss
COUNTY OF CLARK        )

Preston D. Smart, being first duly sworn, deposes and says:

1. That I am the President of the Debtor in the above referenced action, and that I am the one who signed the corporate resolution to permit the filing of the bankruptcy matter;

2. That I have read the foregoing Motion to Dismiss and know the contents thereof; that the same are true of my own knowledge, except for those matters therein stated upon information and belief; and as for those matters, I believe them to be true;

3. That I have personally been involved in the Debtor's efforts to collect moneys owed to the Debtor and pursue litigation against those owing the Debtor money;

4. That the instant Motion accurately describes the current state of the Debtor and its options, and the proposed, cost saving and revenue generating plans will be much more likely to come to fruition after the Debtor is out of bankruptcy;

5. That I believe that the proposed Motion to Dismiss offers the best course of action available to the Debtor at the time of filing the instant motion to preserve the estate and preserve and promote the unhindered, uninterrupted collections and continued business operations of the debtor for its benefit and that of its creditors.

Further affiant sayeth nought.

SUBSCRIBED AND SWORN TO before me this __7__ day fo November, 2022.

_____
Preston D. Smart

_____
NOTARY PUBLIC in and for said County and State.

NOTARY PUBLIC
THERESA VANCE
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. JAN. 23, 2023
No: 97-4787-1

5

**EXHIBIT B**

**PROPOSED ORDER**

DAMON K. DIAS, ESQ.
Nevada Bar No. 8999
E-mail: damon@diaslawgroup.com
DIAS LAW GROUP, LTD.
725 S. 8th Street, suite 100
Las Vegas, Nevada  89101
Telephone: (702)380-3011
Facsimile: (702)366-1592
Proposed Attorney for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | BK-S 22-13516-mkn |
| FLOORIT FINANCIAL, INC. CORPORATION dba VHN-TV, | CHAPTER 11 |
| Debtor. | DATE: December 14, 2022<br>TIME: 9:30 a.m. |

### ORDER APPROVING DEBTOR'S MOTION TO VOLUNTARILY DISMISS CHAPTER 11 BANKRUPTCY

Upon consideration of the Debtor's Motion to Dismiss Chapter 11 Bankruptcy, filed by Debtor Floorit Financial, Inc., debtor in possession in the above referenced bankruptcy, by and through counsel, Dias Las Group, Ltd., requesting dismissal of the case pursuant to 11 U.S.C. 1112(b); it appearing that all required notice of said Motion was given to all necessary parties, including all creditors and representatives of the United States Trustee's office;

It further appearing that a hearing was held on December 14, 2022 at 9:30 a.m.; it further appearing that the Court is satisfied that dismissal of the matter is appropriate and in the best interest

of the Debtor, the estate and the creditors, and that no further notice need be given; and that after due consideration and sufficient cause appearing;

**IT IS HEREBY ORDERED** that the Motion is granted, and further that case number 22-13516-mkn is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

Dated this _____ of December, 2022.

DIAS LAW GROUP, LTD.

/s/ Damon K. Dias, Esq.
DAMON K. DIAS, ESQ.
725 S. 8TH Street, Suite 100
Las Vegas, NV 89101
Proposed Attorney for Debtor-in-Possession

In accordance with LR 9021, counsel submitting this document certifies as follows:

___ The Court has waived the requirement set forth in LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

___ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

I Declare under penalty of perjury that the foregoing is true and correct.

Submitted by:

DIAS LAW GROUP, LTD.

_(PROPOSED)_____
DAMON K. DIAS, ESQ.
725 S. 8TH Street, Suite 100
Las Vegas, NV 89101
Proposed Attorney for Debtor-in-Possession

###

2